# TO: Clerk's Office
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

## APPLICATION FOR LEAVE
## TO FILE DOCUMENT UNDER SEAL

******************************
Subpoena duces tecum to TextNow, Inc.

21-MC-1907
Docket Number

******************************

SUBMITTED BY: Plaintiff ___ Defendant ___ DOJ ✓
Name: Benjamin Weintraub
Firm Name: USAO EDNY
Address: 271 Cadman Plaza East
Brooklyn, NY 11201
Phone Number: 718-254-6519
E-Mail Address: benjamin.weintraub@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ___ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered: ___
Judge/Magistrate Judge: ___
Date Entered: ___

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

Ongoing criminal investigation

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn , NEW YORK
06/29/2021

/s/ Roanne L. Mann

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE 06/29/2021
DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation: ___ ; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns.
(Check one)

June 29, 2021
DATE

_Benjamin Weintraub_
SIGNATURE

AB:BLW
F. #2021R00625

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA TO TEXTNOW, INC. | TO BE FILED UNDER SEAL<br><br>**Application for Non-Disclosure Order Pursuant to 18 U.S.C. § 2705(b)**<br><br>No. 21-MC-1907 |

**APPLICATION FOR ORDER COMMANDING TEXTNOW, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA**

The United States requests that the Court order TextNow, Inc. not to notify any person (including the subscribers and customers of the account listed in the subpoena) of the existence of the subpoena attached to the proposed Order submitted herewith for the period of one year from the date of the Order. Upon issuance of the Order by the Court, the government will attach the Order to the subpoena before serving it on TextNow, Inc.

TextNow, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires TextNow, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the subject of the

investigation, and there is reason to believe that its disclosure will alert the subject to the ongoing investigation. Specifically, the account listed in the subpoena is being used by an individual who is a subject of the investigation, who is at large and who does not yet know of the investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving the subject an opportunity to flee from prosecution or change patterns of behavior. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically and can be completely and permanently erased. Some of the evidence in this investigation involves communications that can be transferred to alternate platforms (including encrypted platforms and platforms beyond the jurisdictional reach of U.S. legal process). If alerted to the existence of the subpoena, there is reason to believe that the subject under investigation will change his/her patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the proposed Order directing TextNow, Inc. not to disclose the existence or content of the subpoena attached to the proposed Order for the period of one year from the date of the Order, except that TextNow, Inc. may disclose the subpoena to an attorney for TextNow, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to

the subject of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: Brooklyn, New York
June 29, 2021

                                                        JACQUELYN M. KASULIS
                                                       Acting United States Attorney
                                                       Eastern District of New York

                                By:    *Benjamin Weintraub*
                                                       Benjamin Weintraub
                                                       Assistant U.S. Attorney
                                                       (718) 254-6519

AB:BLW
F. #2021R00625

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA TO TEXTNOW, INC. | TO BE FILED UNDER SEAL<br><br>No. 21-MC-1907 |

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding TextNow, Inc., an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account listed in the subpoena) of the existence of the attached subpoena for the period of one year from the date of this Order.

The Court determines that there is reason to believe that notification of the existence of the attached will seriously jeopardize the investigation, including by giving the subject an opportunity to flee from prosecution or change patterns of behavior. See 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that TextNow, Inc. shall not disclose the existence of the attached subpoena, or this Order of the Court, to the listed subscriber or to any other persons for the period of one year from the date of this Order, except that may disclose the attached subpoena to an attorney for TextNow, Inc. for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Dated: Brooklyn, New York
       June  29 , 2021

                                          /s/ Roanne L. Mann
                                          THE HONORABLE ROANNE L. MANN
                                          UNITED STATES MAGISTRATE JUDGE
                                          Eastern District of New York

F. # 2021R00625

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: TextNow, Inc.
420 Wes Graham Way, 2nd Floor
Waterloo Ontario, N2L 0J6 Canada
lawenforcement@textnow.com

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | U.S. District Court, Eastern District of New York<br>225 Cadman Plaza East, 5th Floor, Room N547<br>Brooklyn, New York 11201 | Date and Time:<br>July 21, 2021<br>10:00am |
|---|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE ATTACHED RIDER



You may comply with this subpoena by providing the information requested in the attached rider to Special Agent James Mohr
Federal Bureau of Investigation
80-02 Kew Gardens Road, 11th Floor
Kew Gardens, New York 11415
Email: Jmohr2@fbi.gov
Phone: 718-286-7338

Date: 6/28/2021

**DOUGLAS C. PALMER**
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

Assistant U.S. Attorney Amy Busa, U.S. Attorney's Office, Eastern District of New York
271 Cadman Plaza East, Brooklyn, New York 11201
Amy.Busa@usdoj.gov
(718) 254-6274

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Rider to TextNow, Inc.

TextNow, Inc.
420 Wes Graham Way, 2nd Floor
Waterloo Ontario, N2L 0J6 Canada
lawenforcement@textnow.com

For the periods of **January 1, 2021 to present**, please provide the following information:

1. All subscriber identifying information, including, but not limited to, name(s), address(es), date of birth, social security number(s), Electronic Serial Number ("ESN"), International Mobile Equipment Identity ("IMEI"), and International Mobile Subscriber Identity ("IMSI");

2. All billing identifying information, including, but not limited to, name(s), address(es), date of birth, and social security number(s), if different from subscriber identifying information;

3. Phone type (e.g. cellular, payphone, calling card, land line);

4. Length of service, including the date the account was established and the date the account was disconnected, if applicable;

5. Monthly billing records, including, but not limited to, source of payment, method of payment, and payment attempts;

6. Telephone number(s) and subscriber information for any other calls or accounts involving the same Electronic Serial Number ("ESN"), International Mobile Equipment Identity ("IMEI"), and/or International Mobile Subscriber Identity ("IMSI");

7. Any and all information pertaining to the porting of the telephone number(s) to include, but not limited to the: dates; times; locations; IP; method (online/phone/in store); records, and account notes; and

8. Telephone number(s) and subscriber information for any other telephone number(s) listed to the same account, and for any other accounts billed to the subscriber or any subscriber at the same address as the subscriber.

For the following telephone numbers:

210-399-0934

**Records are requested in electronic format. The requested records should be forwarded to:**

Special Agent James Mohr
Federal Bureau of Investigation
80-02 Kew Gardens Road, 11th Floor
Kew Gardens, New York 11415
Jmohr2@fbi.gov
718-286-7338